UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| JAMES ROBERT LONG,<br>Petitioner,<br><br>v.<br><br>MERRICK GARLAND, UNITED STATES ATTORNEY GENERAL & WARDEN BOWERS<br>Respondents. | Civil Action No.<br>4:23-40169-MRG |

### MEMORANDUM AND ORDER TRANSFERRING CASE TO THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF NORTH CAROLINA

GUZMAN, J.

Petitioner James Robert Long ("Petitioner" or "Long") filed the instant habeas petition pursuant to 28 U.S.C § 2241 ("§ 2241") in the United States District Court for the District of Massachusetts – contesting his 2005 civil commitment by the United States District Court for the Eastern District of North Carolina ("Committing Court"). [See ECF No. 1 at 1]. Before the Court is Respondent Bowers' motion to dismiss Long's petition for lack of subject matter jurisdiction. [ECF No. 12]. For the reasons stated below, the Court declines to rule on Respondent's motion to dismiss [ECF No. 12], and Petitioner's Writ of Habeas Corpus [ECF No. 1] hereby is **TRANSFERRED** to the United States District Court of the Eastern District of North Carolina.

I. **Background**

   A. **Facts Relevant to Motion to Dismiss**

1

In June 2003, Long was charged in the U.S. District Court for the Eastern District of New York with Cocaine Base Heroin Conspiracy, Use of a Firearm during a Trafficking Offense, and Distribution of Cocaine Base. [ECF No. 13 at 2]. He was subsequently transferred to the Federal Medical Center in Butner, North Carolina ("FMC-Butner") in 2003 and 2004 for competency and restoration evaluations. [Id.]. In November 2004, the Bureau of Prisons ("BOP") determined that Long did suffer from a mental disease or defect, the result of which would create a substantial risk of bodily injury to another person or serious damage to the property of another should he be released. [Id.] As a result, on May 10, 2005, the United States District Court for the Eastern District of North Carolina civilly committed Long to the custody of the Attorney General pursuant to 18 U.S.C. § 4246(d). [Id., see also Commitment Order, ECF No. 15-1 (sealed)]. On March 30, 2022, Long was transferred to the Federal Medical Center, Devens ("FMC-Devens") in Massachusetts.[1] [ECF No. 13 at 3]. Since Long's commitment, BOP has provided the Committing Court in the Eastern District of North Carolina with Annual Forensic Updates and Risk Assessment Panel Reports as required by § 4246. [Id.] Respondent's Memorandum in Support of his Motion to Dismiss details the efforts that BOP's Social Work Department has made to seek placement for Long in a New York state facility and indicates that Long may soon be eligible for conditional release. [See id. at 3-6].[2]

**B. Long's Habeas Petition**

On December 1, 2023, Long filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 in this Court. [ECF No. 1]. Long asserts two grounds for habeas relief: (1) that he

---

[1] Long resided at FMC Butner through 2017, before being designated to and arriving at FMC Rochester, Minnesota ("FMC Rochester") in August of 2017. He remained at FMC Rochester through 2022, before being transferred FMC Devens on March 30, 2022. [ECF No. 13 at 3 n.2].

[2] These developments are not relevant to this Order's legal analysis and the Court incorporates them by reference as opposed to restating them here.

has been denied due process due to the Attorney General, Warden Bowers, and FMC Devens' social worker improperly refusing to place him in a New York state hospital ("Ground One"), and (2) that his counsel was constitutionally ineffective in that they failed to file certain relevant motions and refused to find and/or seek alternative state placement ("Ground Two"). [See id. at 6-7]. Specifically, Long states that he is "looking for civil commitment in a New York State Hospital." [Id. at 2].

## II.     Legal Standard

While Long has a right to bring his petition under 28 U.S.C. § 2241 to challenge his civil commitment, "habeas corpus is an extraordinary remedy typically available only when the petitioner has no other remedy." Cockerham v. Boncher, No. 1:22-CV-11159-ADB, 2023 WL 5179248, at *3 (D. Mass. Aug. 11, 2023) (citation and quotation marks omitted). As other courts in this District have held, petitioners in Long's position do have another remedy – they should first seek discharge under 18 U.S.C. § 4247(h).[3] See id. at *4; Weiler v. Kijakazi, No. 21-cv-11614, 2021 WL 4754767, at *3 (D. Mass. Oct. 12, 2021); Commey v. Grandolsky, 2 F. Supp. 3d 48, 49 (D. Mass. 2014). Under 18 U.S.C. § 4247(h), a person seeking discharge who has been civilly committed pursuant to 18 U.S.C § 4246 may "file *with the court that ordered the commitment* a motion for a hearing to determine whether the person should be discharged." 18 U.S.C. § 4247(h) (emphasis added).

---

[3] 18 U.S.C. § 4247(h) states as follows: "Regardless of whether the director of the facility in which a person is committed has filed a certificate pursuant to the provisions of subsection (e) of section 4241, 4244, 4245, 4246, or 4248, or subsection (f) of section 4243, counsel for the person or his legal guardian may, at any time during such person's commitment, file with the court that ordered the commitment a motion for a hearing to determine whether the person should be discharged from such facility, but no such motion may be filed within one hundred and eighty days of a court determination that the person should continue to be committed. A copy of the motion shall be sent to the director of the facility in which the person is committed and to the attorney for the Government."

### III. Discussion

As noted, the United States District Court of the Eastern District of North Carolina civilly committed Long to the custody of the Attorney General pursuant to 18 U.S.C. § 4246(d). As 18 U.S.C. § 4247(h) requires, petitions for discharge from civil commitment under Section 4246(d) must be filed with the Committing Court. Thus, only the United States District Court of the Eastern District of North Carolina "may grant the statutory relief [Long] seeks, either conditional or unconditional release." Commey, 2 F. Supp. 3d at 49 (citation omitted) (transferring petition for release from civil commitment for adjudication by the committing court).

### IV. Conclusion

For the foregoing reasons, this Court is not the proper forum to hear Long's petition, and accordingly, the Court declines to dismiss the case at this time. In the interest of justice, it is ordered that the above-styled case be **TRANSFERRED** to the United States District Court of the Eastern District of North Carolina pursuant to 28 U.S.C. § 1406(a).

SO ORDERED.

Dated: May 29, 2024

       /s/ Margaret R. Guzman
Margaret R. Guzman
United States District Judge